Dear Senator Picard:
This office is in receipt of your recent opinion request in which you present the following issue for our review:
 Does the language dealing with "conditions necessary to provide for a safe and healthy environment", contained within the provisions establishing charter schools, require compliance with state laws relative to the school lunch and breakfast program?
As stated in La. R.S. 17:3972, the intent and purpose of charter school legislation was to provide a framework for school experimentation, a means for persons with ideas and motivation to participate in the experiment, and a mechanism by which experiment results can be analyzed. Charter schools therefore are exempt from many local and state regulations which inhibit innovation. However, under La. R.S. 17:3977(A)(1) and (B)(1), charter schools are not exempt from local and state boards' rules and regulations and state law relative to the conditions necessary to provide for a safe and healthy school environment.
In 42 U.S.C. § 1751, the United States Congress provided a declaration of its policy in establishing a school lunch and breakfast program. It declared that the policy of Congress is "to safeguard the health and well-being of the Nation's children in providing an adequate supply of foods and other facilities for the establishment, operation, and expansion of nonprofit school lunch programs."
Similarly, as noted above, La. R.S. 17:3977 provides that charter schools shall follow local and state rules and regulations and state law relative to the conditions necessary to provide for a safe and healthy school environment. Therefore, it would appear that federal and state law provide some support for the proposition that the provision of free or reduced price breakfasts and lunches are necessary "to provide for a safe and healthy environment."
Additionally, Charter schools are required to enroll no less a percentage of at risk students than are contained in the local public school district in which the charter school is located. La. R.S. 17:3975(C). "At risk pupil" is defined by the Chapter as one who is "eligible and approved for participating in the free and reduced price lunch program." La. R.S. 17:3973(1). In other words, charter schools must admit at risk pupils who are not only eligible but are also "approved for participating in the free and reduced price lunch program." It makes little sense to argue that a charter school must evaluate eligibility and approve participation in a program that they may not provide. Moreover, the practical effect of noncompliance with local and state boards' rules and regulations, and state legislation concerning the provision of a food service program is that at risk students who are required to be enrolled will not receive free or reduced price breakfasts and lunches. Such students, in the opinion of this office, will not be provided a "healthy school environment" required by law.
Therefore, it is the opinion of this office that charter schools must comply with all regulatory and statutory law relative to providing free or reduced price breakfasts and lunches to qualified children.
On the other hand, this office is not of the opinion that all state law and state and local regulation concerning school food service programs have as their purpose the provision of a "safe and healthy school environment." If particular rules, regulations or statutory requirements relative to such programs do not have as their purpose the provision of a "safe and healthy school environment," then charter schools are not required under La. R.S. 17:3977(A)(1) and (B)(1) to comply with them.
Moreover, the creation of charter schools was in part motivated by a desire to eliminate unnecessary or excessive regulatory or statutory requirements. Therefore, the potential impact of requiring compliance with a particular regulation or statute must also be considered in determining whether compliance should be required under the charter schools obligation to provide "a safe and healthy school environment."
In sum, charter schools must comply with all state and local boards' rules and regulations, and state law concerning food service programs that are necessary to provide a safe and healthy school environment. Included in such requirements, are those requiring free or reduced breakfasts and lunches to qualified students, nutritional requirements for school breakfasts and lunches and health and safety requirements for the operation of cafeterias. Of course, any provider of free or reduced price breakfasts and lunches must comply with all applicable law relative to such a program. Finally, it should be noted that no exemption from federal law or regulation can be provided.
On the other hand, charter schools are exempted from all state and local boards' rules and regulations, and state law concerning food service programs that are not necessary to provide a safe and healthy school environment. This is especially true when their imposition runs counter to the legislatively expressed desire to exempt charter schools from regulation, with limited exceptions, in order to promote experimentation. This office expresses no opinion concerning specific state and local boards' rules and regulations, and state law that may fall within this category.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ James C. Hrdlicka Assistant Attorney General
RPI\JCH:tfd
Date Received:
Date Released:
JAMES C. HRDLICKA, ASSISTANT ATTORNEY GENERAL